NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1126

STATE OF LOUISIANA

VERSUS

ROBERT W. LEGER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 14444-07
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney, Fourteenth Judicial District**
**Karen C. McLellan**
**Carla Sigler**
**Assistant District Attorneys**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
        **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Robert W. Leger**

**Robert W. Leger**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, LA 71327**

**PICKETT, Judge.**

The defendant, Robert W. Leger, was charged by bill of indictment with three counts of sexual battery, violations of La.R.S. 14:43.1, under district court docket number 07-14444. On May 14, 2008, the defendant entered a guilty plea to one count of sexual battery. In exchange, the state dismissed the other two counts. The defendant and the state had a joint recommendation of twenty-five years at hard labor. The trial court imposed the twenty-five year hard labor sentence without benefit of probation, parole, or suspension of sentence.

The defendant filed a motion seeking to correct an illegal sentence. A hearing was held on June 18, 2010. The trial court corrected the illegal sentence to ten years at hard labor without benefit of probation, parole, or suspension of sentence.

On September 21, 2010, the state filed a habitual offender bill under district court docket number 10-29804 charging the defendant as a second offender. On November 10, 2010, a hearing was held at which the trial court found the defendant a second offender. The trial court sentenced him to twenty years.

On December 6, 2010, the defendant filed a Motion for Reconsideration of Sentence alleging his sentence was vindictive and excessive, the state breached the plea agreement, and he was not afforded a Presentence Investigation Report (PSI). The trial court denied the motion as untimely. The defendant sought review by this court, and this court held in pertinent part:

> **WRIT NOT CONSIDERED, IN PART; WRIT GRANTED AND MADE PEREMPTORY, IN PART:** Relator seeks relief from a ruling in the trial court denying his motion to reconsider sentence. In his pleadings filed in the trial court, he did not present or argue that he was entitled to a reconsideration of sentence. The issues he presents to this court cannot be raised in a motion to reconsider sentence and are appropriately raised in an appeal. Accordingly, Relator's request for relief for reconsideration of sentence is not considered.

In the pleading filed in the trial court, Relator did give notice of appeal and request action by the court, including the granting of an appeal. The trial court failed to address the issues raised in the pleading titled "Notice of Appeal." Accordingly, Relator's writ application is granted, in part, and this matter is remanded for consideration of all issues raised therein.

*State v. Leger*, an unpublished writ bearing docket number 11-173 (La.App. 3 Cir. 5/25/11).

The defendant filed a motion seeking appeals under both district court docket numbers, 07-14444 and 10-29804, which are currently pending before this court. This appeal will address the issue under district court docket number 07-14444.

The defendant asserts the following pro se assignment of error:

Did the District Court error [sic] in allowing the State to disregard a portion of the original plea bargain that it was not going to multiple bill petitioner and in return it would recommend a 25 year sentence, but after the court corrected his illegal sentence from the 25 years the state had recommended, to the 10 years maximum allowed by statute? Is this a broken plea?

## FACTS

The following facts were set forth by the State at the guilty plea proceeding:

Your Honor, between January 1st of 2006 and May 11th of 2007, this defendant touched a juvenile, who's [sic] initials are T.J., his date of birth is August 11th, 1991. At the time he would have been 15 years of age. Touched him on more than one occasion in his genital area. When the defendant was questioned, he revealed that during wrestling with the victim, he did touch him in his genital area, and that he would later masturbate after having touched the victim. And this did occur in Calcasieu Parish.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

2

## PRO SE ASSIGNMENT OF ERROR

The defendant argues his plea agreement was broken when the state sought enhancement of his sentence as a habitual offender.  However, the record does not indicate that the state agreed to not seek enhancement under the habitual offender statutes as part of the plea agreement.  Accordingly, we find this claim lacks merit.

## CONCLUSION

The defendant's conviction is affirmed.

**AFFIRMED.**